UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHEL D'ANGELO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:13-cr-00114-NT-1<br>2:16-cv-00290-NT |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Michel D'Angelo moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF Nos. 198, 202.) He also moves to amend his section 2255 motion. (Motion to Amend, ECF No. 261.)

Following a guilty plea, Petitioner was convicted of bank robbery, 18 U.S.C. §§ 2, 2113(a); the Court sentenced Petitioner to a below-guidelines term of 180 months in prison, to be followed by three years of supervised release. (Judgment, ECF No. 136 at 1-3; Statement of Reasons, ECF No. 137 at 3.) Petitioner appealed from the sentence, particularly, the denial of credit for acceptance of responsibility. The First Circuit affirmed. *United States v. D'Angelo*, 802 F.3d 205 (1st Cir. 2015).

Petitioner asserts the following grounds for his section 2255 motion: Petitioner asserts a claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), although he may have intended to withdraw the claim (Reply, ECF No. 255 at 2, in support of a motion to amend (ECF No. 237) and motion to stay (ECF No. 238)); he alleges ineffective

assistance regarding his career offender status (Motion, ECF No. 202 at 16; Attachment, ECF No. 261-1 at 6-7); he alleges ineffective assistance regarding a sentencing enhancement for possession of a weapon (Motion at 12); he alleges ineffective assistance based on counsel's failure to present sufficient evidence of Petitioner's mental health issues to warrant a greater downward departure than the Court granted (*Id.* at 7); and he alleges counsel failed to move to withdraw after Petitioner requested he do so (Attachment at 7). The Government requests summary dismissal of Petitioner's section 2255 motion. (Response, ECF No. 270 at 1.)

Following a review of Petitioner's motion to amend (ECF No. 261), Petitioner's section 2255 motion (ECF Nos. 198, 202), and the Government's request for dismissal, I recommend that the Court grant Petitioner's motion to amend, and that the Court grant the Government's request and dismiss Petitioner's section 2255 motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At sentencing, the Court calculated the guidelines range as follows: The base offense level was 20, pursuant to USSG § 2B3.1(a). (Sentencing Tr., ECF No. 143 at 36.) The offense level was adjusted to 29 based on the following enhancements: two levels, pursuant to USSG § 2B3.1(b)(1), because Petitioner took the property of a bank; three levels, pursuant to USSG § 2B3.1(b)(2)(E), for possession of a dangerous weapon; two levels, pursuant to USSG § 3B1.1(c), for Petitioner's role in the offense; and two levels, pursuant to USSG § 3C1.1, for obstruction of justice. (*Id.*)

Petitioner's status as a career offender raised the total offense level to 32, pursuant to USSG § 4B1.1(b)(3). (*Id.*) Petitioner's career offender status was based on two Maine

state court convictions set forth in the revised presentence investigation report: a 2002 conviction for burglary and criminal threatening with a dangerous weapon, and a 2007 conviction for assault on an officer. (*Id.* at 4-6, 36-37.)

The Court determined the criminal history to be category VI because Petitioner was a career offender. (*Id.* at 37.) The Court concluded that, based on a total offense level of 32 and a criminal history category of VI, the guidelines range was from 210 to 262 months, but due to the statutory maximum of 20 years, pursuant to 18 U.S.C. § 2113(a), the guidelines range was capped at 240 months. (*Id.*) Petitioner, through counsel, requested a prison term of 144 months. (*Id.* at 46.)

The Court considered Petitioner's mental health issues as it addressed the sentencing factors under 18 U.S.C. § 3553(a). (Sentencing Tr. at 22, 53-56.) The sentence of 180 months represented a downward departure from the guidelines range; the Court based the downward departure on Petitioner's mental health history and his decision to plead guilty. (*Id.* at 57-58.)

On appeal, Petitioner challenged the denial of credit for acceptance of responsibility. *D'Angelo*, 802 F.3d at 206. The First Circuit concluded, in an October 2015 decision, that "the district court did not commit any error, much less clear error" when it denied a reduction for acceptance of responsibility. *Id.* at 211.

In June 2016, Petitioner filed the *Johnson* claim.¹ (Motion, ECF No. 193). In July 2016, Petitioner filed a section 2255 motion with additional claims.² (Motion, ECF No. 202.) In May 2017, Petitioner filed a motion to amend, which set forth additional allegations.³ (Motion to Amend, ECF No. 261; Attachment, ECF No. 261-1.)

---

¹Petitioner's claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), was timely filed pursuant to either 28 U.S.C. § 2255(f)(1) or (f)(3). Section 2255(f) provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final; [or]
>
> . . .
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The Court appointed counsel to represent Petitioner on the *Johnson* claim. (Order, ECF No. 196.) Counsel later moved to withdraw on the basis that in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), the Supreme Court held that *Johnson* did not apply to career offender sentences. (Motion to Withdraw, ECF No. 241.) The Court granted the motion to withdraw. (Order, ECF No. 242.) Petitioner withdrew his *Johnson* claim in a letter docketed as his reply (ECF No. 255 at 2) in support of a motion to amend (ECF No. 237) and motion to stay (ECF No. 238). The Court denied without prejudice the motion to amend. (Order, ECF No. 256.) Because Petitioner's *Johnson* claim (ECF No. 198) remains pending, it is addressed below on the merits, with the recommendation that it be denied based on *Beckles*.

² The July 2016 motion (ECF No. 202) was timely filed, pursuant to section 2255(f)(1).

³ The motion to amend is dated April 30, 2017, and it was filed in May 2017. (Motion to Amend, ECF No. 261.) Regardless of whether the motion is deemed filed in April or May of 2017, it was not filed within the one-year limitation period under section 2255(f)(1). The limitation period began to run on January 4, 2016, which was 90 days after the October 6, 2015, entry of the First Circuit's judgment in Petitioner's appeal, and it expired one year later, i.e., before the motion to amend was signed or filed. *See* Sup. Ct. R. 13 (certiorari petition must be filed within 90 days after entry of judgment); *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (noting that if a federal prisoner does not seek review in the Supreme Court, the conviction is final when "'the time for filing a certiorari petition expires'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

The Government concedes the May 2017 ineffective-assistance allegations regarding Petitioner's mental health, the weapons enhancement, and the career offender issue were filed timely, but only to the extent the allegations relate back, pursuant to Fed. R. Civ. P. 15(c), to Petitioner's previous, timely-filed allegations. (Response, ECF No. 270 at 17 n.10, 18-19, 24.) It appears that all of the allegations in the

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993); *United States v. Isom*, 85 F.3d 831, 838 (1st Cir. 1996) (applying *McGill* to a case involving a guilty plea).

"[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (quotation marks omitted); *Elwell v. United States*, 95 F.3d 1146 (1st Cir. 1996 (per curiam) (unpublished) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974))

---

motion to amend relevant to this recommended decision relate back to Petitioner's timely section 2255 filings.

(holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law").

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28.

An allegation of ineffective assistance of counsel can excuse a procedural default. *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). In *Strickland*, the Supreme Court set forth the federal constitutional standard by which claims of ineffective assistance are evaluated; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . ." *Id.* at 697.

The Court presumes "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690). That an argument advanced by counsel failed to persuade the Court does

not in itself render counsel's performance substandard. *See Strickland*, 466 U.S. at 699 (concluding that "there can be little question, even without application of the presumption of adequate performance, that trial counsel's defense, though unsuccessful, was the result of reasonable professional judgment").

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

**B. Claims and Analysis**

**1.** *Johnson* **claim**

In *Johnson*, the Supreme Court held the "residual" clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague.[4]

---

[4] Title 18 U.S.C. § 924(e)(1) provides in relevant part that a defendant "who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be . . . imprisoned not less than fifteen years . . . ."

Section 924(e)(2)(B) defines the term "violent felony" and provides in relevant part:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

7

*Johnson*, 135 S. Ct. at 2557. Petitioner might have intended to waive the *Johnson* claim (ECF No. 255 at 2), but to the extent he did not, the claim nonetheless would fail on the merits, because in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), the Supreme Court held that *Johnson* does not apply to career offender sentences:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another.' This Court held in [*Johnson*] that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles*, 137 S. Ct. at 890 (quoting USSG § 4B1.2(a)(2)).[5] The First Circuit has held that *Beckles* "put the residual clause back in play" for career offender sentences under the

---

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, or the use of explosives, is known as the "enumerated" offenses clause; and the remainder of section 924(e)(2)(B)(ii), i.e., the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017). In *Johnson*, the Supreme Court explicitly left intact the force clause and the enumerated offenses clause of section 924(e)(2)(B): "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.

[5]USSG § 4B1.1 addresses the sentencing guidelines enhancement for career offenders. Section 4B1.1(a) provides in relevant part: "A defendant is a career offender if . . . (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

USSG § 4B1.2(a) provided at the time of Petitioner's sentencing:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

8

advisory guidelines. *United States v. Ball*, 870 F.3d 1, 4 (1st Cir. 2017); *see United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that the sentencing guidelines, excised of provisions the Court held unconstitutional, are "effectively advisory"). *Beckles* applies to preclude Petitioner's *Johnson* claim, because his sentence was imposed after *Booker*, i.e., after the sentencing guidelines became advisory.

### 2. Claim of ineffective assistance regarding career offender status

Petitioner alleges counsel failed to contest the Maine state court convictions on which Petitioner's career offender status was based. (Motion, ECF No. 202 at 16; Attachment, ECF No. 261-1 at 6-7.) Petitioner did not object to his career offender status at sentencing. (Sentencing Tr. at 4-6.)

Petitioner's ineffective assistance claim fails because the underlying challenge to his career offender status lacks merit. Both of Petitioner's prior state felony convictions qualify as crimes of violence under USSG §§ 4B1.1(a), 4B1.2(a). The First Circuit has held that a Maine conviction of criminal threatening with a dangerous weapon, 17-A M.R.S. § 209(1), 1252(4), qualifies as a predicate crime of violence under the force clause of the sentencing guidelines, USSG § 4B1.2(a)(1). *United States v. Collins*, 811 F.3d 63, 66-67 (1st Cir. 2016).

---

    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 4B1.2(a) was amended following *Johnson*, and the residual clause was deleted. USSG Supp. to App. C, amend. 798 (Aug. 1, 2016). However, the amendment does not apply retroactively. USSG § 1B1.10; *United States v. Strevig*, 663 F. App'x 908, 912 (11th Cir. 2016) (per curiam) (unpublished) ("The Sentencing Commission . . . has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the amendment.").

The First Circuit has also held that a Maine conviction of assault on an officer, 17-A M.R.S. § 752-A(1)(B), qualifies as a predicate crime of violence under the force clause and the residual clause of the sentencing guidelines. *See United States v. Gignac*, 119 F.3d 67, 69 (1st Cir. 1997); *United States v. Jonas*, 689 F.3d 83 (1st Cir. 2012) (noting with approval that in *Gignac*, the Court held "that assault on a prison guard, by its nature, presents a serious risk of injury to another," and holding that Massachusetts assault and battery on a corrections officer was categorically a crime of violence).[6]

---

[6]The First Circuit has recently noted that in a case in which the opinion subsequently was withdrawn, it had held that "the Maine offense of aggravated assault does not satisfy the force clause [of the ACCA] because it can be committed with a mens rea of recklessness." *United States v. Windley*, 864 F.3d 36 (1st Cir. 2017) (per curiam) (citing *Bennett v. United States*, 868 F.3d 1, 4-6, 23 (1st Cir. 2017)). In *Bennett v. United States*, 870 F.3d 34 (1st Cir. 2017) (per curiam), the Court withdrew as moot its opinion in *Bennett*, 870 F.3d 1, due to the death of the petitioner, but it determined that the withdrawn opinion "will remain accessible, for the benefit of those who desire to learn in detail the 'reasoning' that the *Windley* decision chose to 'endorse and adopt.'" *Bennett*, 870 F.3d at 36. Because Petitioner's career offender status was independently valid under the residual clause of the sentencing guidelines, pursuant to *United States v. Gignac*, 119 F.3d 67, 69 (1st Cir. 1997), Petitioner cannot demonstrate prejudice based on counsel's failure to make a *Bennett*-like argument that the offense of assault on an officer does not qualify as a crime of violence under the force clause of the guidelines.

The Court need not decide whether Petitioner's prior burglary conviction qualifies as a predicate crime of violence under the guidelines, because criminal threatening with a dangerous weapon and assault on a police officer both qualify as predicate crimes of violence under USSG § 4B1.2(a), and because two such predicate crimes suffice for career offender status under USSG § 4B1.1(a).

Furthermore, although the issue whether a Maine burglary qualifies as an ACCA predicate violent felony after *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), is pending in the First Circuit in three cases that have been consolidated for briefing and argument, *see Dimott v. United States*, No. 16-2289; *Collamore v. United States*, No 16-2319; *Casey v. United States*, No. 16-2368 (here referred to collectively as *Dimott*), the issue has no bearing on Petitioner's sentence. This Court noted in *Dimott* that *Mathis* "has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review." *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3, 2016 U.S. Dist. Lexis 142354, at *6 (D. Me. Oct. 14, 2016). One of the issues in *Dimott* is "whether the retroactive application of [*Johnson*] allows any petitioner serving an ACCA sentence to have his qualifying 'violent felony' convictions re-examined even if those convictions appear to fall under the enumerated clause" of the ACCA. *Dimott*, 2016 WL 6068114, at *4, 2016 U.S. Dist. Lexis 142354, at *12. As explained above, *Beckles* precludes Petitioner's *Johnson* claim, because his sentence was under the guidelines, rather than under the ACCA. Because *Mathis* is not in itself retroactively applicable, Petitioner would not be entitled to relief under *Mathis*, regardless of the outcome in *Dimott*, *Collamore*, and *Casey*.

Because the challenge to Petitioner's career offender status fails on the merits, counsel's failure to contest Petitioner's career offender status was not substandard, and Petitioner was not prejudiced.[7]  *See Tse*, 290 F.3d at 465.

### 3. Claim of ineffective assistance regarding weapons enhancement

Petitioner asserts counsel provided ineffective assistance regarding a weapons enhancement. (Motion, ECF No. 202 at 12-13.)

The enhancement was based on the finding that Petitioner possessed a screwdriver during the robbery.[8] (Sentencing Tr. at 20.) The Court credited the co-defendant's report of the weapon because, as explained in the revised presentence investigation report, a screwdriver had been found along a road among other items linked to the defendants and the robbery.[9] (*Id.* at 20-21.)

---

[7] In Petitioner's section 2255 motion, he also alleges counsel provided ineffective assistance for the failure to challenge the prior convictions in state court. (Motion, ECF No. 202 at 16.) In Petitioner's reply in support of his motion to amend and motion to stay, he alleged he had filed a state court post-conviction petition that was then pending. (Reply, ECF No. 255 at 2-3.)

The Government attached a copy of a post-conviction petition in which Petitioner alleged he was wrongly convicted of the 2002 offense. (Attachment, ECF No. 270-3 at 3.) In the post-conviction petition, Petitioner alleged he did not raise the grounds asserted in the petition either on appeal or in a previous post-conviction petition, because counsel had persuaded him against it. (*Id.* at 4-5.)

Petitioner's claim of ineffective assistance in state court is precluded. *See Daniels v. United States*, 532 U.S. 374, 384 (2001) (holding that the petitioner may not collaterally attack prior state court convictions used to enhance his federal sentence on the basis that the prior convictions "were the products of inadequate guilty pleas and ineffective assistance of counsel," when there was no indication the petitioner could not have pursued the claims while he was in custody on the prior convictions).

[8] By agreement of the parties, the Government offered evidence in support of the weapons enhancement in the form of Petitioner's co-defendant's proffer report. (Sentencing Tr., ECF No. 143 at 7-9.)

[9] The First Circuit noted on appeal:

> Based on [the co-defendant's] testimony and the corroborating evidence found along the side of the road, the district court found by a preponderance of the evidence that D'Angelo

Petitioner alleges counsel failed to argue that the Government should have conducted a forensic examination and should have produced discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (Motion at 13; Attachment, ECF No. 261-1 at 4-5.) Petitioner also contends counsel should have elicited Petitioner's sworn testimony, and counsel should have raised the issue of the weapons enhancement on appeal. (Motion at 13; Attachment at 4-5.)

Petitioner's underlying *Brady* claim, and thus his related ineffective assistance claim, fail because the Government had no duty to generate evidence. *See Arizona v. Youngblood*, 488 U.S. 51, 59 (1988) (holding that "the defendant is free to argue to the finder of fact that a breathalyzer test might have been exculpatory, but the police do not have a constitutional duty to perform any particular tests"); *Tse*, 290 F.3d at 465.

The ineffective assistance claim fails for the additional reason that counsel objected to the weapons enhancement at the sentencing hearing. (Sentencing Tr. at 5-6.) Petitioner, through counsel, objected to the revised presentence investigation report because, Petitioner argued, the co-defendant had "'grossly misstated' certain facts for her benefit." In his supplemental sentencing memorandum, which addressed the issue of acceptance of responsibility, Petitioner asserted: "Defendant steadfastly denies the assertion of his

---

      possessed a screwdriver during the robbery and that he displayed it as a weapon. The district court also found that the possession of a screwdriver was relevant conduct to the offense, and that D'Angelo falsely denied it. D'Angelo does not argue that these determinations were clearly erroneous, and we see no reason to conclude so.

*D'Angelo*, 802 F.3d at 211. Petitioner may not relitigate the issue of the sufficiency of the evidence for the weapons enhancement, or the issue of the relevance of the conduct for purposes of sentencing. *See Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994).

co-defendant that he brought a weapon to the robbery with the intention to use it to cause injury if the robbery went awry." (Supplemental Sentencing Memorandum, ECF No. 129 at 3 n.2.)

Counsel's decision not to elicit Petitioner's testimony or to cross-examine the co-defendant was not unreasonable. Counsel asserted directly Petitioner's position regarding the weapons enhancement, and counsel could have reasonably concluded that Petitioner's testimony on the issue would do little to advance the argument, but could be detrimental if the Court did not believe Petitioner. As to the cross-examination of the co-defendant, insofar as the physical evidence corroborated the co-defendant's report, counsel could have reasonably determined that cross-examination of the co-defendant would likely have been ineffective and might have distracted from Petitioner's more meritorious sentencing arguments. (Sentencing Tr. at 20-21.) Furthermore, there is no prejudice because, independent of whether the adjusted offense level was 29 (with the three-level weapons enhancement) or 26 (without it), the total offense level was raised to 32 due to Petitioner's career offender status.

In short, counsel's performance was not substandard, nor was Petitioner prejudiced, by counsel's performance regarding the weapons enhancement.

### 4. Claim of ineffective assistance regarding the downward departure

Petitioner acknowledges that counsel requested a downward variance based on Petitioner's medical and mental health history. (Motion, ECF No. 202 at 8; Motion for Variant Sentence, ECF No. 125; Sentencing Memorandum, ECF No. 126.) In Petitioner's May 2017 motion to amend, he additionally acknowledges counsel obtained and used

information about Petitioner's mental health history: "[Counsel] did develop certain documents and information regarding Mr. D'Angelo's mental health during the period between October of 2013 and [February] 2014, including records regarding Mr. D'Angelo's closed head injuries/T.B.I. as a child and subsequent treatments[]/institutionalizations[]." (Attachment, ECF No. 261-1 at 1-2.)

Petitioner alleges, however, that counsel failed to obtain records, failed to request a psychiatric evaluation, and failed to present evidence adequately at sentencing on the issue of Petitioner's mental health. (Motion at 8.) He contends essentially that there is a reasonable probability the downward variance the Court granted would have been greater had counsel included additional records and a current psychiatric evaluation. (*Id.* at 8-9.) Petitioner also argues counsel failed to object to the statutory maximum sentence, but he fails to allege any grounds for such an objection. (Attachment, ECF No. 261-1 at 7.)

The claim fails because Petitioner does not provide any specific information regarding the allegedly omitted records and testing, nor does he allege how counsel's actions or omissions prejudiced him. *See David*, 134 F.3d at 478. The record also does not support the claim. *See id.* On the contrary, the record shows that with respect to the downward departure, counsel addressed many details regarding Petitioner's mental health history, and counsel argued that Petitioner's mental health history warranted a sentence substantially below the guidelines range. (Sentencing Memorandum at 1-6.) In the sentencing memorandum, counsel referred to Petitioner's multiple early traumatic brain injuries, his history of seizures, his mental health diagnoses, his father's suicide, his upbringing around family violence, his admissions to psychiatric facilities, his commitment

to correctional facilities, his suicide attempts and episodes of self-injury, and his long-term substance abuse. (*Id.* at 2-6.) In a supplemental sentencing memorandum that addresses the issue of acceptance of responsibility, counsel also referred to Petitioner's mental health history. (Supplemental Memorandum, ECF No. 129 at 5.)

The revised presentence investigation report set forth in detail Petitioner's mental health history. Counsel noted in the sentencing memorandum:

> Insofar as Probation undertook a thorough analysis of [Petitioner's] medical, emotional/psychological and other records in developing its conclusion that grounds for a variable sentence may be presented in [Petitioner's] case (in which conclusion the undersigned concurs), the undersigned has not restated the facts detailed in the [presentence investigation] report in this Memorandum, nor appended extremely voluminous records.

(Sentencing Memorandum at 1-2.) Counsel added: "The undersigned is prepared to provide the Court with any records obtained from any referenced facilities in support of the foregoing, to the extent requested by the Court." (*Id.* at 2 n.1.)

At the sentencing hearing, counsel discussed Petitioner's mental health issues and referred to the request for a variant sentence. (Sentencing Tr. at 42-45.) Petitioner, through counsel, requested a prison term of 144 months, i.e., a sentence substantially lower than the 210-month low end of the guidelines range. (*Id.* at 46.)

The Court noted at the sentencing hearing that it had reviewed Petitioner's sentencing memorandum and his supplemental sentencing memorandum, among other documents in the sentencing record. (*Id.* at 49.) The Court took into account Petitioner's mental health issues as the Court addressed the sentencing factors under 18 U.S.C. § 3553(a), particularly when the Court considered Petitioner's history and

characteristics. (*Id.* at 22, 53-56.) The Court departed downward from the guidelines range, based on Petitioner's mental health history and his decision to plead guilty. (*Id.* at 57.) The Court concluded, however, that any further downward departure was outweighed by need to protect the public. (*Id.*)

In sum, the record establishes that counsel's decisions regarding evidence of Petitioner's mental health issues, including the decision not to provide more detail than was in the sentencing memorandum, and the decision to offer medical records at the Court's request, were reasonable. *See Strickland*, 466 U.S. at 690. The claim fails because Petitioner has demonstrated neither substandard performance by counsel nor prejudice.

### 5. Claim of failure of counsel to move to withdraw

Petitioner alleges a breakdown in the attorney-client relationship; specifically, he alleges this occurred "[b]y the date for sentencing," and he asserts counsel refused to comply with his request that counsel move to withdraw during the appeal. (Attachment, ECF No. 261-1 at 7.)

The record does not support the allegation. *See David*, 134 F.3d at 478. The First Circuit's docket reveals that in July 2014, Petitioner requested that sentencing counsel be appointed to represent him on appeal. (*United States v. D'Angelo*, No. 14-1688 (1st Cir. July 7, 2014).) The First Circuit granted the request. (*Id.* (July 8, 2014).) In 2015, Petitioner filed a letter requesting that counsel withdraw. (*Id.* (Mar. 18, 2015).) The Court denied the request, in part because Petitioner had not set forth a sufficient basis for a request for new counsel. (*Id.* (Apr. 27, 2015).) Counsel later filed a motion to withdraw, due to a breakdown in the attorney-client relationship. (*Id.* (June 10, 2015, and June 15, 2015).)

16

The Court denied the motion, and subsequently denied Petitioner's and counsel's renewed motions for counsel to withdraw. (*Id.* (July 6, 2015, and July 21, 2015).)[10] Petitioner's claim fails because the record does not support either the allegation that the attorney-client relationship had broken down by the time of sentencing, or that counsel refused to move to withdraw when requested.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend the Court grant Petitioner's motion to amend (ECF No. 261.) In addition, I recommend that the Court deny Petitioner's motion for habeas relief (ECF Nos. 198, 202) under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated this 31st day of October, 2017.
/s/ John C. Nivison
U.S. Magistrate Judge

---

[10] The First Circuit granted counsel's later motion to withdraw on the basis that filing a petition for a writ of certiorari would be frivolous. (*United States v. D'Angelo*, No. 14-1688 (1st Cir. Nov. 12, 2015).)