UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHEL D'ANGELO, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:13-cr-00114-NT-1 |
| | ) | 2:16-cv-00290-NT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON PETITIONER'S MOTION TO REOPEN TIME TO APPEAL**

On October 12, 2018, the Court affirmed the Recommended Decision on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 and dismissed Petitioner's motion with prejudice. (Order, ECF No. 281.) More than a year later, on October 25, 2019, Petitioner filed a notice of appeal and a document the Court construed as a motion to reopen the time to file an appeal. (Motion, ECF No. 283.) In his filing, Petitioner contends he had been in a special housing unit in prison and did not learn of the Court's dismissal of the section 2255 motion until the date of his motion – October 20, 2019. (Motion at 1.)

Petitioner's motion is governed by Federal Rule of Appellate Procedure 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.[1]

Rule 4(a)(6) establishes an 'outer limit' of 180 days for the filing of [a motion to reopen]." *Couture v. United States*, 620 F. Supp.2d 155, 157 (D. Mass. May 15, 2009) (denying request to reopen the time to file appeal of dismissal of 28 U.S.C. § 2255 motion); *see also*, *Hudson v. Dipaolo*, 179 Fed. App'x 705 (1st Cir. 2006) (denying request to reopen after 180 days in prisoner §1983 case).[2] In this case, Petitioner filed his request more than

---

[1] Rule 4(a)(6) is in accord with 28 U.S.C. § 2107(c), which provides:

[I]f the district court finds –

(1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and

(2) that no party would be prejudiced,

the district court may, upon motion filed within 180 days after entry of judgment or order within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

[2] Subparagraph (6) is found within Paragraph (a), which governs civil cases. In contrast, paragraph (b) of Rule 4 governs appeals in criminal cases. Courts have noted that "there has been some confusion over whether § 2255 proceedings are civil or criminal in nature." *Wall v. Kholi*, 562 U.S. 545, 560 (2011). Unlike § 2254 proceedings which are clearly civil in nature, some courts follow the Advisory Committee Notes to the Rules Governing Section 2255 Proceedings which specifies that § 2255 proceedings are a "further step in the movant's criminal case and not a separate civil action," whereas other courts have treated § 2255 proceedings "as a hybrid" that is predominantly civil for some purposes and criminal for others. *See Sampson v. United States*, 724 F.3d 150, 159 (1st Cir. 2013). Rule 12 of the Rules Governing Section 2255 Proceedings is of little assistance because it instructs that both the Rules of Civil Procedure and the Rules of Criminal Procedure apply if consistent with other statutes and rules. Rule 11(b) of the Rules Governing Section 2255 Proceedings specifies that "Federal Rules of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules," which supports the application of the 4(a)(6) 180-day time limit for reopening the time to appeal.

Despite this uncertainty as to the civil or criminal nature of § 2255 proceedings, the clear weight of authority holds that Rule 4(a)(6)'s 180-day limit for reopening the time to appeal applies to orders denying § 2255

180 days from the entry of judgment. Accordingly, the Court denies Petitioner's motion to reopen the appeal period.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of November, 2019.

---

relief. *See e.g.*, *United States v. Escobedo*, 210 F.3d 366 (5th Cir. 2000); *United States v. Wanrin*, 9 F. App'x 241, 241 (4th Cir. 2001); *United States v. Wynne*, 59 F. App'x 236, 237 (9th Cir. 2003); *United States v. Badru*, No. 04-3045, 2004 WL 1683113, at *1 (D.C. Cir. July 27, 2004); *United States v. Pullen*, 285 F. App'x 535, 537 (10th Cir. 2008); *Petrola v. United States*, 422 F. App'x 773, 776 (11th Cir. 2011).