UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:13-cr-00114-NT-1 |
| | ) | |
| MICHEL D'ANGELO, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION FOR RELIEF**

Defendant asserts he is entitled to relief from the judgment entered following his guilty plea to a charge of bank robbery, 18 U.S.C. §§ 2, 2113(a); the Court sentenced Petitioner to a term of 180 months in prison, to be followed by three years of supervised release. (Judgment, ECF No. 136 at 1-3; Statement of Reasons, ECF No. 137 at 3.) Through his motion for relief, Defendant "seek[s] to preserve [his] right to relief, as [he] is entitled to relief under" *Borden v. United States*, 141 S.Ct. 1817 (2021). (Motion, ECF No. 299.)

Because the Court entered judgment in 2014 and the First Circuit affirmed the judgment in 2015,[1] and because Defendant cites a recent United States Supreme Court decision as the basis for his request for relief, Defendant presumably seeks relief pursuant to 28 U.S.C. § 2255.[2]

---

[1] *United States v. D'Angelo*, 802 F.3d 205 (1st Cir. 2015).

[2] Section 2255(f) provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final; [or]

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases, upon the filing of a § 2255 motion, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." After review of the motion, I recommend the Court dismiss the motion.

## DISCUSSION

The record reflects that the Court denied Defendant habeas relief on the merits of a petition he filed in 2016 challenging the same criminal judgment. (See Recommended Decision, ECF No. 271; Order Affirming Recommended Decision, ECF No. 281.) Defendant's request, therefore, constitutes a second or successive petition for habeas relief.

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* First Circuit Local Rule 22.1; *Bruins v. Cain*, 162 F.3d 95 (5th Cir. 1998) (per curiam) (noting that the district court should have dismissed a section 2254 petition for lack of subject matter jurisdiction rather than for failure to prosecute when the petitioner failed to obtain prior permission from the Fifth Circuit to file a successive petition); *see also Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (applying same jurisdictional

---

. . .

> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

analysis in the context of a petition brought by a federal prisoner pursuant to 28 U.S.C. § 2255). This Court thus lacks subject matter jurisdiction to consider a second or successive section 2255 petition unless the Court of Appeals for the First Circuit has specifically authorized the Court to consider the petition.

The record lacks any evidence to suggest that the First Circuit has authorized this Court to consider Defendant's request for relief. Because the First Circuit has not authorized Defendant to proceed on a § 2255 motion, the Court is without jurisdiction to consider the merits of the motion.

First Circuit Rule 22.1(e) provides that if a second or successive § 2254 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." Because Defendant did not explain in his motion why he believes *Borden* entitles him to relief, transfer of the motion is not warranted. Rather, dismissal without prejudice to Defendant's ability to petition the First Circuit for leave to assert a second or successive petition is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Defendant's § 2255 motion without prejudice to Defendant's ability to petition the First Circuit Court of Appeals for authorization to proceed on a second or successive habeas petition. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of October, 2021.